IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ELIAS R. CAMACHO, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-12-CV-40-KC |
| | § | |
| SHARRON M. CANNELLA, and | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Sharron M. Cannella and United States of America's

"Corrected Copy of Motion to Dismiss and Brief in Support" ("Motion"), ECF No. 9. For the

reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion.

## I.    BACKGROUND

On January 12, 2010, the First Federal Bank in El Paso, Texas, was robbed. Original

Compl. ¶ 8 ("Complaint"), ECF No. 1; Mot. Ex. A ("Criminal Complaint") ¶ 4, ECF No. 9.[1]

Two days later, on January 14, 2010, agents of the Federal Bureau of Investigation ("FBI")

arrested Plaintiff Elias R. Camacho, Jr. as a suspect in the robbery. *See* Compl. ¶ 8. At the time

of the arrest, Plaintiff argued that he was innocent and tried to prove his innocence. Compl. ¶¶

---

[1] The Court takes judicial notice of the Criminal Complaint because it is a public record and central to Plaintiff's claims. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) ("The court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003))); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

12-15.  Plaintiff alleges that within hours of his arrest he gave Defendant Sharron M. Cannella ("Agent Cannella") of the FBI, a business card of a witness who would prove he was not at the bank at the time of the robbery.  *See* Compl. ¶ 15.  According to Plaintiff, Agent Cannella either did not investigate this alibi or ignored it.  Compl. ¶ 16.  In addition to providing an alibi, Plaintiff allowed the FBI to search his home and voluntarily submitted to lengthy questioning in order to prove his innocence.  Compl. ¶ 12.

Despite Plaintiff's efforts, Agent Cannella filed a criminal complaint against Plaintiff on January 19, 2010.  *See* Compl. ¶ 19; Criminal Compl. ¶ 16.  In the Criminal Complaint, Agent Cannella states that several witnesses identified Plaintiff as the man pictured in a photograph of the bank robber.  Criminal Compl. ¶¶ 14-15.  One of those witnesses was allegedly Plaintiff's brother.  Compl. ¶ 17; Criminal Compl. ¶ 15.  However, Plaintiff claims that his brother did not identify him as the man pictured in the photo, rather he pointed out dissimilarities between Plaintiff and the man in the photo.  Compl. ¶ 17.

Plaintiff also alleges that Agent Cannella intentionally mischaracterized evidence found at his home.  Compl. ¶ 18.  In the Criminal Complaint, Agent Cannella states that she found three bank deposit receipts that total the amount stolen from the First Federal Bank.  *See* Criminal Compl. ¶¶ 12-13.  Plaintiff maintains that one of these "receipts" was a check from a third party related to Plaintiff's father's business, and Agent Cannella "intentionally mischaracterized the transaction" in the sworn Criminal Complaint.  Compl. ¶ 18.

After holding Plaintiff in custody for seven nights, the FBI released Plaintiff on January 21, 2010.  Compl. ¶¶ 9-10.  After his release, Plaintiff learned that the actual bank robber committed another bank robbery while Plaintiff sat in jail.  Compl. ¶ 11.  Moreover, Plaintiff maintains this same individual robbed a bank in Tucson, Arizona, just a few weeks earlier.  *See*

2

Compl. ¶ 19.  Plaintiff argues that the FBI would have known that he was innocent if the FBI had better investigated the previous bank robbery in Tucson.  *See* Compl. ¶ 19.

On February 8, 2012, Plaintiff filed this lawsuit against Agent Cannella and the United States (collectively "Defendants").  In his Complaint, Plaintiff brings two claims.  First, Plaintiff alleges a claim for "False Arrest/False Imprisonment" under the Federal Tort Claims Act ("FTCA").  Compl. ¶¶ 21-22.  Second, Plaintiff alleges a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his constitutional rights.  Compl. ¶¶ 23-24.

## II.   DISCUSSION

In their Motion, Defendants seek dismissal of both Plaintiff's *Bivens* claim and Plaintiff's FTCA claim.  Mot. 2.  First, Defendants move to dismiss the *Bivens* claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the statute of limitations has expired.  Mot. 4-7.  Second, Defendants move to dismiss the FTCA claim under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction to hear Plaintiff's claim under the FTCA.  Mot. 4, 7-15. The Court first examines the challenge to Plaintiff's *Bivens* claim, and then the challenge to Plaintiff's FTCA claim.

### A.    Plaintiff's *Bivens* Claim

Defendants argue that the Court should dismiss Plaintiff's *Bivens* claim for failure to state a claim because the two year statute of limitations has expired.  Mot. 4-7.  Plaintiff does not contest that his filing of the claim was tardy.  *See* Pl.'s Resp. to Defs.' Mot. to Dismiss ("Response") 1, ECF No. 11.  Instead, Plaintiff states that he intends to file an amended complaint that drops the *Bivens* claim, but still seeks relief under the FTCA.  *See* Resp. 1.

Accordingly, the Court dismisses Plaintiff's *Bivens* claim, and turns to Defendants' arguments challenging the FTCA claim.

**B.      Plaintiff's FTCA Claim**

Defendants argue that this Court lacks jurisdiction to hear Plaintiff's FTCA claim.  Mot. 4, 7-15.  Specifically, Defendants maintain that the United States retains sovereign immunity over claims similar to the one Plaintiff brings in this case.  *See* Mot. 7-15. After examining the standard governing a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court addresses Defendants' arguments.

**1.      Standard**

A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim.  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  Where the motion to dismiss is based on the complaint alone, the court must merely decide whether the allegations in the complaint, presumed to be true, sufficiently state a basis for subject matter jurisdiction.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).

**2.      Analysis**

Defendants first argue that the Court lacks jurisdiction over Plaintiff's FTCA claim because there is no parallel liability for a private person under state law for a claim alleging that law enforcement made misrepresentations in an application for judicial process.  Mot. 8-9.  In the alternative, Defendants argue that the discretionary function exception immunizes the United

States from Plaintiff's FTCA claim.  Mot. 9-15. The Court examines each of Defendants'
arguments in turn.

### a.        Private analog

Defendants argue that Plaintiff cannot bring a claim under the FTCA because there is no
parallel liability for a private person under state law for claims arising out of allegations that law
enforcement made misrepresentations in an application for judicial process.  Mot. 8-9. Plaintiff
responds that he is only asserting a claim for "False Arrest/False Imprisonment" and is not
asserting any claims for negligent investigation or fraudulent misrepresentation.  Pl.'s Surreply to
Defs.' Mot. to Dismiss ("Sur-Reply") 2-3, ECF No. 16.

Pursuant to the doctrine of sovereign immunity, courts do not have jurisdiction over suits
against the United States unless the United States waives its sovereign immunity.  *See United
States v. Mitchell*, 463 U.S. 206, 212 (1983).  Through the FTCA, the United States has waived
its immunity for "tort claims, in the same manner and to the same extent as a private individual
under like circumstances."  *See* 28 U.S.C. § 2674; *Spotts v. United States*, 613 F.3d 559, 566 (5th
Cir. 2010).  Therefore, district courts have jurisdiction over claims against the United States for
the negligent or wrongful act of its employees "if a private person would be liable to the claimant
in accordance with the law of the place where the act or omission occurred."  28 U.S.C. §
1346(b)(1); *Spotts*, 613 F.3d at 566.  Critically though, if there is no parallel liability for a private
person under state law, the court lacks jurisdiction.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510
U.S. 471, 477-78 (1994).

To determine if a private person in "like circumstances" would be subject to liability,
courts look to the substantive law of the state where the act or omission occurred.  *See Meyer*,
510 U.S. at 477-78.; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287

(5th Cir. 2012); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995).  Given the use of the term "like circumstances," the FTCA does not require state law to impose liability for the identical or the exact same circumstances.  *United States v. Olson*, 546 U.S. 43, 46-47 (2005) (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 64, (1955)); *In re FEMA Trailer*, 668 F.3d at 287; *Villafranca v. United States*, 587 F.3d 257, 262 (5th Cir. 2009).  Rather, the focus is on whether the applicable state's law imposes liability on a private person in an analogous situation.  *Olson*, 546 U.S. at 47; *In re FEMA Trailer*, 668 F.3d at 287.

In this case, Plaintiff alleges that Defendants are liable under the FTCA for falsely arresting and then falsely imprisoning him in El Paso, Texas.  *See* Compl. ¶¶ 8-9, 22.  Therefore, the question is whether there is a private analog under Texas law for Plaintiff's "False Arrest/False Imprisonment" claim.  *See* 28 U.S.C. § 1346(b)(1); *Olson*, 546 U.S. at 47.

There is a private analog in Texas: Texas law imposes liability on private persons for both false arrest and false imprisonment.  *See Miller v. Baylor Coll. of Med. Fed. Credit Union*, CIV.A. H-09-1332, 2011 WL 677350, at *4 (S.D. Tex. Feb. 16, 2011) (quoting *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex. App. 1998)).  The two claims are quite similar under Texas law, and even share the same elements.[2]  *See id.* (quoting *Villegas*, 975 S.W.2d at 754).  A private person is liable for false imprisonment or false arrest if she (1) willfully detains the person; (2) without consent; and (3) without authority of law.  *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Miller*, 2011 WL 677350, at *4.  Given that Texas law explicitly recognizes the very claims that Plaintiff seeks to bring against the United States, Defendants' argument appears misplaced.

---

[2] This is likely why Plaintiff labels his claims as "False Arrest/False Imprisonment" instead of bringing separate claims for false arrest and false imprisonment.

To avoid this analysis, Defendants suggest that although Plaintiff does not label it as such, Plaintiff is actually bringing a claim for "misrepresentations in an application for judicial process" and there is no private analog for such a claim.  Mot. 9; *see* Defs.' Reply to Pl.'s Resp. to Defs.' Motion to Dismiss ("Reply") 2, ECF No. 13.  It is true that Plaintiff alleges that Agent Cannella misrepresented facts in the Criminal Complaint and failed to investigate his alibi. Compl. ¶¶ 13-16, 18.  But these allegations appear to support Plaintiff's claim for false arrest and false imprisonment, not present a separate claim for misrepresentations in an application for judicial process.  As stated above, to prove a claim for false imprisonment and false arrest, Plaintiff must show that Defendants detained him unlawfully.  *See Miller*, 2011 WL 677350, at *4.  Plaintiff's allegations about the failure to investigate his alibi and the misrepresentation of facts may support Plaintiff's allegations that the arrest and imprisonment were unlawful.  *See Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 376 (Tex. 1985) ("The plaintiff must prove the absence of authority in order to establish the third element of a false imprisonment cause of action.").  Therefore, Plaintiff's allegations fit neatly into a false arrest or false imprisonment claim, and thus the Court rejects Defendants' strained characterization of the Complaint.

Furthermore, the cases Defendants cite in support of their argument that there is no private analog of Plaintiff's claim are inapposite.  *See* Mot. 8-9 (citing *Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 871-73 (8th Cir. 1999); *Casillas v. United States*, No. CV 07-395-TUC-DCB (HCE), 2009 WL 735193, at *10 (D. Ariz. Feb. 11, 2009), *adopted*, 2009 WL 735188 (D. Ariz. Mar. 19, 2009); *Wright v. United States*, 963 F. Supp. 7, 16-17 (D.D.C. 1997)). First, all of these cases are from outside the Fifth Circuit, and thus not binding on this Court. Second, the cases are not sufficiently similar.  In all of the cases Defendants cite, the courts merely held that they could not review the discrete act of applying for a search warrant under the

FTCA because there is no private analog to applying for a search warrant.  *See Washington*, 183 F.3d at 871-73 (finding that recklessly failing to corroborate information used to obtain a search warrant was not actionable under the FTCA); *Casillas*, 2009 WL 735193, at *10 (dismissing the plaintiff's claim for negligence in obtaining a search warrant because "there is no private party analog to seeking a search warrant."); *Wright*, 963 F. Supp. at 16-17 ("[T]he discrete act of applying for [a search] warrant is not reviewable under the FTCA.").  In contrast, Plaintiff does not allege that Agent Cannella used the allegedly inaccurate affidavit to obtain a search warrant. Rather, Plaintiff alleges that Defendants falsely arrested him and falsely imprisoned him. Compl. ¶ 22.  And as stated above, Plaintiff likely includes allegations regarding the Criminal Complaint to support his allegation that the arrest and imprisonment were without authority of law, not to challenge a discrete legal process like in the cases Defendants rely upon.

In sum, Plaintiff's only claim under the FTCA is a claim for false arrest and false imprisonment.  Plaintiff does not bring a separate claim for misrepresentations in an application for judicial process.  Because there is a private analog of Plaintiff's claim in Texas law, Defendants' first argument for dismissal fails.

### b.    Discretionary function exception

Next, Defendants argue that the discretionary function exception bars Plaintiff's claim because he bases his claim on allegations of flawed investigative work, and investigative work involves discretionary actions.  Mot. 9-15. Plaintiff responds that the discretionary function exception does not apply in this case for two reasons.  First, Plaintiff argues that because he brings his claim pursuant to the law enforcement proviso, the discretionary function exception does not apply.  Resp. 2-7.  Second, Plaintiff argues that his arrest violated the Fourth

Amendment and law enforcement agents do not have discretion to violate the United States Constitution.  Resp. 7-10.

As stated above, the FTCA generally waives sovereign immunity to tort claims against the United States.  *See* 28 U.S.C. § 2674; *Spotts*, 613 F.3d at 566.  This broad waiver of immunity though is subject to a number of exceptions listed in 28 U.S.C. § 2680.  *See* 28 U.S.C. § 2680 (a)-(n).  Two of those provisions are critical here: subsection (a) and subsection (h).

Subsection (a) withdraws the United States' consent to be sued for the allegedly negligent or wrongful acts of its employees where the plaintiff bases the claim "upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a); *see Spotts*, 613 F.3d at 566-67.  Courts refer to this exception as the "discretionary function exception."  *See Spotts*, 613 F.3d at 566.

Courts use a two-step test to determine the applicability of the discretionary function exception.  *See United States v. Gaubert*, 499 U.S. 315, 322-23 (1991); *Spotts*, 613 F.3d at 567.  First, courts determine whether the conduct "involves an element of judgment or choice."  *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *Spotts*, 613 F.3d at 567-68.  A government employee cannot satisfy this prong if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."  *Berkovitz*, 486 U.S. at 536; *Spotts*, 613 F.3d at 567.  If the conduct involves an element of judgment or choice, courts then must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield."  *Berkovitz*, 486 U.S. at 536.  Congress designed the discretionary function exception to prevent the judiciary from scrutinizing "legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in

tort." *Id.* at 536-37 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Therefore, the discretionary function exception only immunizes the United States from suit if the decision was susceptible to public policy considerations.  *See id.* at 537-39.

In addition to the discretionary function exception in subsection (a), subsection (h) of § 2680 retains sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  In other words, subsection (h) generally prevents intentional tort suits against the United States.  *See id.* However, there is an exception to the exception.  In 1974, Congress significantly amended subsection (h) and added the "law enforcement proviso."  *Sutton v. United States*, 819 F.2d 1289, 1294 (5th Cir. 1987).  The law enforcement proviso allows a plaintiff to sue the United States for the intentional torts of assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution if the claim "resulted from the act or omission of an investigative or law enforcement officer of the United States Government."  *Id.*; *see* 28 U.S.C. § 2680(h).

Not surprisingly, the parties in this case proclaim the applicability of the provision that better supports their desired outcome.  Plaintiff argues that because he sues for false arrest and false imprisonment, and the law enforcement proviso explicitly allows a claim for false arrest and false imprisonment, the discretionary function exception does not apply.  Resp. 2-7.  In contrast, Defendants suggest that the discretionary function exception completely bars Plaintiff's claim.  *See* Mot. 9-15.

Both parties overstate the law in the Fifth Circuit.  In *Sutton*, the Fifth Circuit carefully examined the interplay between the law enforcement proviso and the discretionary function exception.  *Sutton*, 819 F.2d at 1292-99.  Similar to Defendants' position in this case, the

government in *Sutton* had argued that the discretionary function exception was a hurdle to any

FTCA claim regardless of the law enforcement proviso. *See id.* at 1295. The Fifth Circuit

rejected that construction because such a holding had the potential to render the law enforcement

proviso practically meaningless. *See id.* at 1294-95. The court explained that the discretionary

function exception, under the government's interpretation, would potentially bar all claims for

false imprisonment, false arrest, abuse of process, and malicious prosecution because officers

often have discretion to detain or prosecute an individual, and that decision is subject to policy

considerations. *See id.* at 1293-95. The Court reasoned that this was an unacceptable result

because Congress explicitly chose to allow claims for false imprisonment, false arrest, abuse of

process, and malicious prosecution. *See id.* at 1294-95. In other words, "if the law enforcement

proviso is to be more than an illusory — now you see it, now you don't — remedy, the

discretionary function exception cannot be an absolute bar which one must clear to proceed

under § 2680(h)." *Id.* at 1297.

      To avoid a construction that would make the law enforcement proviso largely

meaningless, the court explained:

> Neither § 2680(a) or § 2680(h) exist independently of the other nor does one
> predominate over the other. Both sections recognize serious legitimate policies
> that must be preserved. What relief is and is not available under the FTCA
> necessarily requires a synthesis of the policies behind §§ 2680(a) and (h) as
> applied to the specific facts of each situation.

*Id.* at 1295.

      Rather than synthesizing the two provisions as *Sutton* instructs, Defendants largely rely

on the Fifth Circuit's decision in *Castro v. United States*, 608 F.3d 266 (5th Cir. 2010) to argue

that the discretionary function exception alone bars Plaintiff's FTCA claim.[3] Mot. 10; Reply 4-

---

[3]    Defendants additionally rely on several district court cases from outside the
Fifth Circuit. Mot. 11-14; Reply 6. Specifically, Defendants rely on *Valdez v.
United States*, No. 08 Civ. 4424 (RPP), 2009 WL 2365549, at *2, *5 (S.D.N.Y.

5.  However, *Sutton* remains the binding law in the Fifth Circuit because the Fifth Circuit did not explicitly or implicitly overrule *Sutton* in *Castro*.  *Castro*, 608 F.3d at 268; *see Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) ("[W]here two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc).").  The en banc court in *Castro* affirmed the district court in a per curiam opinion without providing any of its own analysis.  *Id.*  Instead, the majority affirmed "essentially for the reasons given by the district court."  *Id.*

The district court opinion in *Castro* never mentions *Sutton* — it does not state that *Sutton* is no longer good law, nor does it suggest that the Fifth Circuit overturned *Sutton*.  *See generally Castro v. United States*, No. C-06-61, 2007 WL 471095 (S.D. Tex. Feb. 9, 2007) *rev'd*, 560 F.3d 381 (5th Cir. 2009) *on reh'g en banc*, 608 F.3d 266 (5th Cir. 2010) and *aff'd*, 608 F.3d 266 (5th Cir. 2010).  Defendant is correct that the district court applied the discretionary function exception to intentional tort claims against a law enforcement officer under the FTCA.  *See Castro*, 2007 WL 471095, at *6-8.  However, that is consistent with *Sutton*.  The Fifth Circuit in *Sutton* held that a court must balance the law enforcement proviso and the discretionary function

---

July 31, 2009); *Lozado v. United States*, No. 07-4740, 2008 WL 2152051, at *3-4 (E.D. Pa. May 21, 2008); *Rourke v. United States*, 744 F. Supp. 100, 102-03 (E.D. Pa. 1988), aff'd without opinion, 909 F.2d 1477 (3d Cir. 1990); and *Pooler v. United States*, 609 F. Supp. 198, 202-04 (E.D. Pa. 1985), aff'd, 787 F.2d 868 (3d Cir. 1986).  Mot. 11-14; Reply 6.  Beyond the fact that these are district court cases from outside the Fifth Circuit, none of these cases are persuasive because the courts do not balance the considerations of the law enforcement proviso and the discretionary function exception as *Sutton* instructed.  *See Sutton v. United States*, 819 F.2d 1289, 1295 (5th Cir. 1987).  Specifically, *Valdez* ignores the law enforcement proviso in its analysis.  *See Valdez*, 2009 WL 2365549, at *5.  *Lozado* does not ignore the law enforcement proviso, but explicitly states that it is not applicable because federal officials never arrested the plaintiff.  *See Lozado*, 2008 WL 2152051, at *4 n.1.  Finally, *Rourke* and *Pooler* are not helpful to Defendants' argument because both courts rely on the "hurdle" analysis that the Fifth Circuit rejected in *Sutton*.  *See Sutton*, 819 F.2d at 1295; *Rourke*, 744 F. Supp. at 102-03; *Pooler*, 609 F. Supp. at 202-04.

exception based on "the policies behind §§ 2680(a) and (h) *as applied to the specific facts* of each situation." *Sutton*, 819 F.2d at 1295 (emphasis added).  The *Castro* district court found that the unusual facts involving the border patrol and the deportation of a father with custody of his American citizen daughter were discretionary policy decisions that prevented liability under the FTCA.  *See Castro*, 2007 WL 471095, at *6-8.  Thus, although the district court did not cite *Sutton* or explicitly balance the two provisions, its heavily factual analysis is consistent with *Sutton*.

It is true that one could read the *Castro* district court opinion, as Defendants do, to hold that the discretionary function exception always trumps the law enforcement proviso.  *See* Reply 4-5.  The district court only mentions the law enforcement proviso once, and in a footnote for that matter, yet provides detailed analysis of the discretionary function exception.  *See id.* at *5-8 & n. 9.  Moreover, the district court never explicitly balances the two provisions.  *See id.* However, the district court did not mention the interplay between the two provisions for good reason: The parties did not argue it.  *Castro v. United States*, 560 F.3d 381, 393 n.2 (5th Cir. 2009), *reh'g en banc*, 608 F.3d 266 (5th Cir. 2010) (Smith J. dissenting) ("Castro does not allege that § 2680(h) has any bearing on this case."); *see* Pl.'s Resp. to Def.'s Rule 12(b)(1) Motion to Dismiss 8-17, *Castro v. United States*, No. 2:06-cv-00061 (S.D. Tex. Jan. 13, 2007) (arguing solely about the discretionary exception function).  Thus, the district court's decision to not balance the discretionary function exception and the law enforcement proviso does not suggest that the Fifth Circuit no longer requires balancing; rather, it simply suggests that the balance between the two provisions was not at issue in *Castro*.

Moreover, reading the district court's opinion to hold that the discretionary function exception trumps the law enforcement proviso suggests that the district court overlooked or

ignored binding law in *Sutton*.  As explained above, one can also read the district court opinion

to be consistent with *Sutton*.  Accordingly, the Court reads the district court opinion in *Castro* as

consistent with *Sutton* because district courts do not have the power to ignore or overturn binding

Fifth Circuit precedent.  And, as stated above, the Fifth Circuit in the en banc *Castro* opinion

nowhere overturns *Sutton*.

      Like Defendants, Plaintiff also fails to balance the two provisions, and instead argues that

the law enforcement proviso trumps the discretionary function exception.  Resp. 7.  To support

his argument, Plaintiff largely relies on an Eleventh Circuit opinion: *Nguyen v. United States*,

556 F.3d 1244 (11th Cir. 2009).  Resp. 7.  In that case, the Eleventh Circuit carefully examined

the interplay between the law enforcement proviso and the discretionary function exception.

*Nguyen*, 556 F.3d at 1252-57.  After explaining the conflict between the two provisions, the

court reasoned that the law enforcement proviso trumps the discretionary function exception

because it is more specific, newer, and because a different reading would conflict with the law

enforcement proviso's purpose.  *See id.* at 1252-53, 1257.  In other words, the Eleventh Circuit

held that the discretionary function exception does not apply to intentional torts enumerated in

the law enforcement proviso.  *See id.* at 1256-57.  Although the Court finds the Eleventh

Circuit's opinion well-reasoned and persuasive, the Court is not at liberty to ignore the Fifth

Circuit's binding precedent in *Sutton* that holds that neither provision trumps the other.  *Cf.*

*Moher v. United States*, --- F. Supp. 2d. ----, 2012 WL 2089849, at *22-24 (W.D. Mich. June 8,

2012) (adopting the "the Eleventh Circuit's well reasoned opinion in *Nguyen*" because of the

"absence of a Sixth Circuit decision directly on point").

      Given that *Sutton* controls this case, the Court must balance the policies behind the law

enforcement proviso and the discretionary function exception "as applied to the specific facts" of

this case.  *See Sutton*, 819 F.2d at 1295.  This task is difficult because the Court has been unable

to locate many examples of cases in which courts balance these provisions, and the parties have

failed to balance or synthesize the provisions in their briefs.

Fortunately, *Sutton* provides some general propositions of law that are applicable to this

case.  In *Sutton*, the Fifth Circuit explained that "law enforcement decisions by U.S. Attorneys

on when, where, and how to investigate, and whether to prosecute, fall within the ambit of the

discretionary function exception."  *Id.* at 1293 (citing *Smith v. United States*, 375 F.2d 243, 247-

48 (5th Cir. 1967)).  However, "[a] government agent who departs from the duties of an

investigator and embarks on an intentional abuse within the meaning of § 2680(h) similarly

exceeds the scope of his authority and acts outside his discretion."  *Id.*

There is also some additional guidance from the Fifth Circuit, albeit in an unpublished

opinion from 2003.  In *Nguyen v. United States*, 65 F. App'x 509 (5th Cir. 2003), the

Immigration and Naturalization Service ("INS") detained and instituted deportation proceedings

against Nguyen, a citizen of Vietnam.  *Id.* at *1.  Although Nguyen satisfied the requirements for

derivative citizenship when he entered the United States, he did not claim this status because he

was unaware that he qualified.  *Id.*  The INS eventually released Nguyen fifteen months later

after his newly retained attorney discovered that Nguyen could claim derivative citizenship.  *See

id.*  After his release, Nguyen brought a claim under the FTCA for negligent investigation and

false imprisonment.  *Id.*

The Fifth Circuit first acknowledged that it must "harmonize" the law enforcement

proviso and the discretionary function exception because Nguyen brought a claim for false

imprisonment.  *Id.* at *1-2.  Specifically, the court noted that although "[d]ecisions to investigate,

how to investigate and whether to prosecute generally fall within [the discretionary function]

15

exception," the discretionary function exception "does not necessarily shield the government from liability for intentional torts, such as false imprisonment." *Id.* at *1.

By carefully examining the facts, the Fifth Circuit determined that the discretionary function exception barred Nguyen's FTCA claim because there were no allegations or evidence of intentional misconduct or bad faith. *Id.* at *2. Nguyen premised his claim on allegations that the INS agents failed to obtain a file that would have shown that the plaintiff qualified for derivative citizenship, or otherwise determine from various documents that he qualified for this status. *Id.* In other words, Nguyen alleged that INS failed to obtain the file because of negligence, not because of "bad faith" or any "intentional misconduct." *Id.* Given these facts, the court concluded that Nguyen's claim was "essentially a claim that the INS officers failed to adequately perform a discretionary duty [(i.e. investigating a case)], which falls squarely within the discretionary function exception." *Id.*

In both *Sutton* and *Nguyen,* the Fifth Circuit appears to differentiate between allegations of negligent conduct and allegations of intentional bad acts when balancing the law enforcement proviso and the discretionary function exception. *See id.* (holding that the discretionary function exception barred the claim because there were no allegations of "bad-faith" or "intentional misconduct."); *Sutton*, 819 F.2d at 1293 (suggesting that the law enforcement proviso would allow a claim based on allegations that the officers committed "intentional abuse"). Thus, based on this precedent, the Court holds that when the alleged conduct crosses the line from negligent conduct to intentional misconduct or bad faith, the discretionary exception yields to the law enforcement proviso, and the lawsuit can proceed. *See Nguyen*, 65 F. App'x 509, at *2; *Sutton*,

819 F.2d at 1293.  With these principles in mind, the Court turns to the specific allegations to determine whether Plaintiff can proceed with his claim under the FTCA.[4]

In this case, Plaintiff alleges that Agent Cannella lied about the Plaintiff's brother's implicating Plaintiff in the robbery.  According to Plaintiff, his brother pointed out dissimilarities between Plaintiff and the man in the photo, but Agent Cannella wrote the exact opposite in her sworn Criminal Complaint.  *See* Compl. ¶ 17.  Additionally, Plaintiff alleges that Agent Cannella "intentionally mis-characterized" evidence.  Compl. ¶ 18.  Specifically, Agent Cannella stated in her sworn criminal complaint that she found a "bank transaction receipt" in Plaintiff's possession that corresponds to the amount taken in the bank robbery.  *See* Compl. ¶ 18.  Yet, Plaintiff maintains this "receipt" was actually a copy of a check to a third party relating to Plaintiff's father's business, and thus Agent Cannella intentionally mischaracterized it to support the Criminal Complaint.  *See* Compl. ¶ 18.

These allegations are sufficient to establish jurisdiction.  Unlike the plaintiff in *Nguyen*, Plaintiff here does not just complain that an officer's investigation was sloppy or that an officer should have investigated the case more thoroughly.  *See Nguyen*, 65 F. App'x 509, at *2; Compl. ¶¶ 16-18.  Rather, Plaintiff specifically alleges that Agent Cannella lied and intentionally mischaracterized evidence.  Compl. ¶¶ 16-18.  Lying and intentionally mischaracterizing evidence qualifies as bad faith and intentional misconduct.  *Cf. United States v. Price*, No. CIV.A.3:08-CR-0268-B, 2008 WL 5049295 (N.D. Tex. Nov. 25, 2008) ("It goes without saying that lying to the Court constitutes bad faith" (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-

---

[4]        In *Sutton*, the Fifth Circuit warns district courts that balancing the law enforcement proviso and the discretionary function exception based on the pleadings is not always possible because there may not be enough factual detail. *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987).  Here, the Court finds that there is sufficient factual detail in the pleadings to properly analyze the issue.

45 (1991)).  Thus in balancing the law enforcement proviso and the discretionary function

exception, the Court concludes this is the type of conduct that is actionable under the FTCA.[5]

*See Nguyen*, 65 F. App'x 509, at *2; *Sutton*, 819 F.2d at 1293-95, 1298; *see also Chandler v.

United States*, 875 F. Supp. 1250, 1266 (N.D. Tex. 1994) ("Murphy's participation in bringing

charges against plaintiffs without probable cause, particularly his giving of false testimony and

withholding of material information from the prosecutor and the grand jury . . .  are subject to the

Court's review.").

        Moreover, the discretionary function exception has limited application to these facts.

Plaintiff alleges that Agent Cannella should have investigated his alibi, and should have better

investigated another bank robbery in Tucscon, Arizona, that was similar to the bank robbery in

El Paso.  *See* Compl. ¶¶ 11, 14-16, 19.  These allegations resemble a negligence claim — i.e.

Agent Cannella's investigation was inadequate given her duty to properly investigate crimes.  If

this was all that Plaintiff alleged, the discretionary function exception would likely bar this claim

because decisions on "when, where, and how to investigate" are generally discretionary and

subject to policy analysis.  *See Sutton*, 819 F.2d at 1293 (citing *Smith*, 375 F.2d at 247-48).  But

as stated above, Plaintiff also alleges that Agent Cannella lied and intentionally mischaracterized

evidence.  Agent Cannella had no discretion to lie or mischaracterize evidence in a criminal

complaint in which she swore that "the following is true to the best of my knowledge and belief."

Criminal Compl. 1; *see also* Fed R. Crim. P. 3 ("Except as provided in Rule 4.1, [the criminal

complaint] must be made under oath."); *Chandler*, 875 F. Supp. at 1266 (holding that

discretionary function exception did not apply to "false testimony").  Because lying or not lying

---

[5]         Although the Court holds that Plaintiff's allegations are sufficient to establish
        jurisdiction, the Court does not express any view on the ultimate merits of this
        case.

was not a "matter of choice" for Agent Cannella, the discretionary function exception appears largely inapplicable in this case. *See Berkovitz*, 486 U.S. at 536; *Spotts*, 613 F.3d at 567 ("The requirement of judgment or choice is not satisfied and the discretionary function exception does not apply, however, if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." (internal quotations omitted)).

Defendants attempt to avoid this analysis by characterizing Plaintiff's Complaint as presenting a claim for "flawed investigation." *See* Mot. 9; Reply 3. To support their characterization of the Complaint, Defendants rely on paragraphs thirteen through sixteen of the Complaint that allege that Agent Cannella failed to investigate Plaintiff's alibi. Reply 3 (citing Compl. ¶¶ 13-16). But those paragraphs are in the "Statement of Facts" section, and do not appear to state a separate claim for relief. *See* Compl. ¶¶ 13-16. In the "Cause of Action" section of Plaintiff's Complaint, there is only one claim for "False Arrest/False Imprisonment" and another claim for "Bivens/Constitutional Torts." Compl. ¶¶ 21-24. There is no separate claim for a flawed investigation. Compl. ¶¶ 21-24.

Moreover, Plaintiff's allegations fit neatly into the elements of a false arrest claim and false imprisonment claim. Under Texas law, the essential elements of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law. *Wal-Mart Stores*, 92 S.W.3d at 506. A claim for false arrest has the same elements, and is "similar enough to be indistinguishable." *Miller*, 2011 WL 677350, at *4 (quoting *Villegas*, 975 S.W.2d at 754). Therefore, it is most sensible to conclude that Plaintiff included the allegation that Agent Cannella failed to investigate his alibi in order to state a plausible claim that Agent Cannella

detained Plaintiff without authority of law, not to establish a third claim for negligent investigation.

In summary, Plaintiff has presented sufficient allegations to establish jurisdiction.  The discretionary function exception does not bar this claim because Plaintiff has pleaded a claim specifically allowed under the law enforcement proviso and made allegations of intentional misconduct.[6]  Therefore, the discretionary function does not bar Plaintiff's claim under the FTCA.

## III.    CONCLUSION

For the reasons stated above, the **GRANTS** in part and **DENIES** in part Defendants' "Corrected Copy of Motion to Dismiss and Brief in Support," ECF No. 9.  The Court **GRANTS** the Motion in regard to Plaintiff's second claim for "Bivens/Constitutional Torts," and accordingly **DISMISSES** Plaintiff's second claim.  The Court **DENIES** the Motion in regard to Plaintiff's first claim under the FTCA for "False Arrest/False Imprisonment."

**SO ORDERED**.

SIGNED this 27th day of August, 2012.

_Kathleen Cardone_
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[6]     Because the Court holds that the discretionary function exception does not bar Plaintiff's FTCA claim, the Court does not address Plaintiff's alternative argument that law enforcement agents do not have discretion to violate the United States Constitution.  Resp. 7-10.